# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1577V**
UNPUBLISHED

| | |
|---|---|
| LEE EULGEN,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2026 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## FINDING OF FACT ON SIX MONTH/SEVERITY REQUIREMENT[1]

On September 13, 2023, Lee Eulgen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 19, 2020. Petition at 1.

For the reasons discussed below, I find Petitioner has established that he likely suffered the residual effects of his injury for more than six months.

[1] In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access..

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

## I. Procedural History

On December 12, 2024, Respondent filed Rule 4(c) Report opposing compensation, arguing (among other things) that Petitioner cannot meet the Vaccine Act's "severity" requirement. Respondent's Rule 4(c) Report ("Report"), ECF No. 24. An Order was issued requiring Petitioner to show cause why this claim should not be dismissed for failure to establish injury severity.

After two motions for additional time, Petitioner filed a response and an additional affidavit on June 30, 2025. Petitioner's Response to the Court's February 5, 2025 Order to Show Cause ("Pet. Br."), ECF No. 29. Respondent filed a response on July 30, 2025. Respondent's Response to Petitioner's Response to the February 5, 2025 Order to Show Cause ("Res. Resp."). Petitioner filed a reply on August 13, 2025. Petitioner's Reply to Respondent's Response to Petitioner's Response to the February 5, 2025 Order to Show Cause ("Reply"), ECF No. 31.

## II. Factual Background

On September 19, 2020, Petitioner received a flu vaccine in his left arm. Ex. 1 at 3-5. Three months later (on December 28, 2020), Petitioner complained to Andrew McMarlin, D.O., of left shoulder pain and discomfort "around the same time as getting his flu shot near the end of September of 2020." Ex. 2 at 2. Petitioner showed an active range of motion in his left arm, but which was mildly limited when compared to his right. *Id.* He was assessed with left shoulder joint pain, adhesive capsulitis, and a rotator cuff injury. *Id.* Dr. McMarlin also provided a prescription for ibuprofen. *Id.* at 2.

Petitioner returned to Dr. McMarlin on February 5, 2021, reporting that he had not taken the ibuprofen because he was concerned about how it would affect his irritable bowel syndrome ("IBS"). Petitioner also stated that he was feeling "slightly better" since the previous visit, but still experienced shooting pain in his shoulder. Ex. 2 at 5. He also noticed a decrease in his pain and an increase in his range of motion. *Id.* Dr. McMarlin noted that Petitioner had "much improved left shoulder adhesive capsulitis" and recommended home exercises and long-term curcumin, an herbal, anti-inflammatory that would not impact his IBS. *Id.* Dr. McMarlin also recommended that Petitioner contact him for a physical therapy referral after petitioner's upcoming travel to Chicago if petitioner was "not continuing to rapidly improve." *Id.*

No other medical records for treatment thereafter were filed in this case. However, Petitioner submitted a declaration, signed on April 29, 2025, in support of his claim. Ex. 8. He states that his arm pain started immediately after the September 19th vaccination,

worsening through the fall of 2020. Ex. 8 at 1-2. Petitioner further described how he completed the recommended exercises in the months after his December 28, 2020 appointment with Dr. McMarlin, who told him that "while the exercises could hopefully shorten the duration of [] symptoms, only the passage of time would lead to a cure." *Id.* at 2-3. Additionally, he stated that he did not seek any additional care after February 5, 2021 because of job and family time demands. Petitioner also stated that he "texted Brian [Nash] about the ongoing frozen shoulder symptoms I was dealing with" on July 10, 2021. *Id.* The text message reads "I still have that stupid frozen shoulder but it too is self-healing." Ex. 8 at 8.

Brian Nash, Petitioner's friend, also submitted a declaration in this case. Ex. 7. Mr. Nash states that he recalls Petitioner telling him a vaccine in early fall of 2020 hurt his shoulder. *Id.* He also stated that Petitioner told him in July 2021 over text that he was "still dealing with frozen shoulder then". *Id.* at 2. Mr. Nash included an undated text message purported to be between himself and Petitioner that states "I still have that stupid frozen shoulder but it too is self-healing." Ex. 7 at 3.

## III. Legal Standard

Before compensation can be awarded under the Vaccine Act, a petitioner must demonstrate, by a preponderance of evidence, all matters required under Section 11(c)(1), including the factual circumstances surrounding his claim. Section 13(a)(1)(A). In making this determination, the special master or court should consider the record as a whole. Section 13(a)(1). Petitioner's allegations must be supported by medical records or by medical opinion. *Id.*

In particular, a petitioner must establish that he suffered an injury meeting the Table criteria (*i.e.* a Table injury), in which case causation is presumed, or an injury shown to be caused-in-fact by the vaccination he received. If a petitioner establishes a Table injury the burden shifts to respondent to establish a more likely alternative cause. Section 13(a)(1)(A), 11(c)(1)(C)(i), 14(a). If a petitioner cannot establish a Table injury, he may pursue causation-in-fact under the legal standard set forth in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

In addition to causation, a petitioner must also meet the requirements establishing that the vaccine received is "covered" by the Program, the duration and severity of petitioner's injury, and the lack of other award or settlement.[3] With regard to

[3] In summary, a petitioner must establish that she received a vaccine covered by the Program, administered either in the United States and its territories or in another geographical area but qualifying for a limited exception; suffered the residual effects of her injury for more than six months, died from her injury, or

severity, a petitioner must show that he suffered the residual effects or complications of his injury or condition for more than six months after the administration of the vaccine. § 11(c)(1)(D)(i); *see Song v. Sec'y of Health & Hum. Servs.,* 31 Fed. Cl. 61, 65-66 (1994), aff'd, 41 F.3d 1520 (Fed. Cir. 2014) (noting that a petitioner must demonstrate the six-month severity requirement by a preponderance of the evidence). Finding that petitioner has met the severity requirement cannot be based on petitioner's word alone, though a special master need not base their finding solely on medical records. Section 13(a)(1); *see Colon v. Sec'y of Health & Hum. Servs.*, 156 Fed. Cl. 534, 541 (2021). Severity must be established regardless of whether the claim arises under the Table or is a causation-in-fact claim.

## IV. Petitioner Meets the Severity Requirement

Petitioner received his vaccine on September 19, 2020, and alleges pain beginning that same day. To meet the severity requirement, he must establish that he suffered the effects of his injury through March 19, 2021 (six months after onset). The record in this case establishes pain through February 5, 2021, less than five months post-vaccination. Ex. 2 at 5. However, Petitioner alleges that he continued to experience pain and limited range of motion. *Id.* Petitioner notes that at the February 5, 2021 appointment, Dr. McMarlin observed that Petitioner was only slightly better compared to his previous visit. Ex. 2 at 5. Further, Petitioner reported at that same appointment that he continued to experience shooting pain and stiffness in his shoulder. *Id.*

Petitioner provided additional evidence in the form of two declarations, one from him and another from his friend Mr. Nash, and a purported text message from July 2021 in which Petitioner states "I still have that stupid frozen shoulder". Ex. 7, 8. This indicates that Petitioner was experiencing sequalae of his injury until at least July. Additionally, Petitioner explained in his declaration that Dr. McMarlin told him "only the passage of time would lead to a cure." Ex. 8 at 1-2.

Respondent notes that Petitioner reported improvement at the February 5th appointment. Report at 4. However, there is no evidence that Petitioner's shoulder pain had *resolved* at that time, and it is reasonably inferred from the overall record that his pain had not resolved by March 19, 2021 - the six month mark.

The overall record thus constitutes a sufficient showing, if just barely, of severity to meet the evidentiary standard. Of course, the paucity of treatment speaks to an injury that was notably mild. I cannot conceive of a pain and suffering award in a case like this

---

underwent a surgical intervention during an inpatient hospitalization; and has not filed a civil suit or collected an award or settlement for her injury. *See* § 11(c)(1)(A)(B)(D)(E).

that would reasonably exceed $5,000.00 to $10,000.00 – and any damages discussion must be realistic in this regard.

**Conclusion**

For the reasons set forth above, I find that Petitioner has met the severity requirement of the Vaccine Act. I strongly suggest the parties work to resolve this case. In the event that they are unable to do so, I will set a short timeline for a briefing schedule to resolve both entitlement and damages.

**Accordingly, the following is ORDERED:**

**Petitioner shall file a status report by <u>September 18, 2026</u>, with an update on the status of the parties' settlement discussions. If it appears at any point that settlement is unlikely, the parties should propose a method for moving this case forward, i.e., with proposed briefing schedules to resolve both entitlement and damages.**

Any questions about this order or about this case generally may be directed to OSM staff attorney Andrew Sterling at (202) 357-6389 or Andrew_Sterling@cfc.uscourts.gov.

IT IS SO ORDERED.

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master